1

2

3

4

5

6

7

8             **IN THE UNITED STATES DISTRICT COURT**

9           **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   BEVERLY TOWNE, et al.,                No. CIV S-05-1533-WBS-CMK

12              Plaintiffs,

13       vs.                               <u>ORDER</u>

14   SHASTA COUNTY, et al.,

15              Defendants.

16   _____/

17              Pending before the court is plaintiffs' motion to strike defendants' expert witness

18   disclosure and for exclusion of testimony (Doc. 13), filed on August 2, 2006.  Defendants filed

19   an opposition (Doc. 15) on September 1, 2006, and plaintiffs filed a reply (Doc. 16) on

20   September 6, 2006.  Thereafter, the matter was taken under submission.

21              Plaintiffs contend that they were discriminated against based upon their

22   disabilities in the processing of their application for foster parent status in the overall manner in

23   which their application was handled by defendants.  Factually, plaintiffs, who are disabled

24   persons, assert that defendants' "live scan" fingerprinting machine is not accessible and, for this

25   reason, Plaintiff Beverly Towne's fingerprints were never collected by defendants and that this

26   effectively resulted in denial of their application for foster parent status to care for their

                                              1

1   grandchildren.

2          Defendants served an expert witness disclosure pursuant to Federal Rule of Civil

3   Procedure 26(a)(2) listing five individuals as "non-retained experts." The disclosure further

4   stated:

5                  All of the above are employees of the Shasta County Department
               of Social Services. The above witnesses may be asked to testify as to the
6              policies and procedures of Shasta county and applicable State laws with
               respect to Relative placement, the appropriateness of the manner in which
7              the plaintiff's application for relative placement was handled by
               defendants, whether plaintiffs were provided proper consideration, and
8              whether plaintiffs' disability played any role in their consideration as a
               potential relative placement.

9

10  Following receipt of defendants' disclosure, plaintiffs' counsel sent a letter to defendants'

11  counsel asserting that the disclosure was defective because it was not accompanied by the

12  experts' reports. Plaintiffs state that defendants have not responded to the letter.

13         Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert

14  testimony. Rule 26(a)(2)(B) provides that such disclosures "shall, with respect to a witness who

15  is retained or specifically employed to provide expert testimony in the case or whose duties as an

16  employee of the party regularly involve giving expert testimony, be accompanied by a written

17  report prepared and signed by the witness." See Fed. R. Civ. P. 26(a)(2)(B). It is undisputed

18  that the experts in question are not retained experts, but are defendants' employees. Therefore,

19  the relevant language from Rule 26(a)(2)(B) requires expert reports as to any "witness . . . whose

20  duties as an employee of the party regularly involve giving expert testimony. . . ."

21         Plaintiffs cite McCulloch v. Hartford Life & Accident Ins. Co., 223 F.R.D. 26 (D.

22  Conn. 2004), for the proposition that, in certain circumstances, reports may be required from a

23  party's employee even when the employee's duties do not regularly involve giving expert

24  testimony. In McCulloch, the employee witnesses in question were designated to "opine that

25  they did perform their duties [to handle and investigate insurance claims] adequately." See id.

26  The court held that the defendant's employees were not exempt from the report requirement

1   because they were directed to act outside the scope of their regular duties by preparing to testify

2   as expert witnesses.  See id. at 28.  The court reasoned:

3             . . . The court agrees with plaintiff that the interests in this case
      weigh in favor of requiring expert reports, notwithstanding Hartford's
4     claim they are primarily serving as fact witnesses.  In order to present
      opinion about the adequacy of their performance, these witnesses must
5     provide substantially more than a recital of facts about what they may
      have observed on the job.  These witnesses will develop opinions
6     specifically for trial, the basis of which the defendant is entitled to be
      informed about.  Furthermore, to find otherwise would risk encouraging
7     corporate defendants to attempt to evade the report requirement by
      designating its own employees first as fact witnesses and then asking them
8     to offer some related expert opinion.  See id.

9   Plaintiffs argue that the employees identified in defendants' disclosure will be required to

10  formulate opinions regarding plaintiffs' legal claims and that such opinions are outside the scope

11  of their employment as social workers.  Specifically, plaintiffs assert:

12            Given that Plaintiff's claim of discrimination under the ADA based upon
      an individuals disability is not generally the subject matter normally
13    addressed by social workers within the gambit of their employment . . . .

14  Plaintiffs have not directed the court to any Ninth Circuit cases or cases from this district which

15  support their position.

16            As a remedy for defendants' claimed violation of the Rule 26(a)(2)(B) report

17  requirement, plaintiffs assert that this court should automatically exclude the witnesses'

18  testimony pursuant to Federal Rule of Civil Procedure 37(c)(1).

19            In response to plaintiffs' argument, defendants argue:

20            Plaintiffs contend that a report should be required because
      these witnesses will be providing testimony on subject matter
21    which is not normally within the scope of their employment duties.
      This is simply not true.  These witnesses are directly involved in
22    the handling of relative placement applications.  They have
      received education and training in this area.  The applicable
23    standards for handling a relative placement application and the
      manner in which Shasta County handles relative placement
24    applications is directly within the scope of their employment
      duties, and is a regular part of their daily job functions.
25            Defendants' employees are precisely those witnesses for
      whom a report is not required.  All were directly involved in some
26    fashion with the Department's handling of the Towne's

3

1    application, and this is precisely the area in which they have been
     identified to render opinion testimony.

2

3    As to automatic exclusion of the witnesses' testimony, defendants argue that, if the court agrees

4    that they failed to comply with the report requirement, they should be provided an opportunity to

5    supplement their disclosure with the required reports.  Defendants assert that this would be

6    appropriate because they acted under a good faith belief that they were not required to submit

7    reports and because plaintiffs would not be prejudiced.

8              It appears that plaintiffs' concern that the witnesses will be called to offer expert

9    testimony as to discrimination under federal law – which is clearly outside the scope of their

10   employment – stems from defendants' statement in their disclosure that the witnesses may testify

11   as to "the appropriateness of the manner in which the plaintiffs' application for relative

12   placement was handled," "whether plaintiffs were provided proper consideration," and "whether

13   plaintiffs' disability played any role in their consideration as a potential relative placement."

14   However, in the context of the entire disclosure, the court does not agree with plaintiffs that the

15   witnesses in question here would be called to offer expert opinion as to their federal legal claims.

16   Specifically, the court notes that this language in defendants' disclosure was preceded by the

17   statement that the witnesses' testimony would be limited to ". . . the policies and procedures of

18   Shasta county and applicable State laws. . . ."  From the entirety of the disclosure it is clear that

19   the witnesses are not being identified for the purpose of rendering any opinion on, as plaintiff

20   puts it, her "claim of discrimination under the ADA based upon an individual's disability."

21   Rather, they are being identified to possibly render opinion testimony as to local and state

22   policies and laws regarding aspects of their social work, namely relative placement.

23   / /

24   / / /

25   / / /

26   / / /

4

1           Accordingly, IT IS HEREBY ORDERED that plaintiffs' motion to strike (Doc.

2    13) is denied.

3

4    DATED:   November 28, 2006.

5

6                                       **CRAIG M. KELLISON**

7                                       UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26